# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 526 | **DATE** | 11/13/2000 |
| **CASE TITLE** | Budget Rent A Car vs. Budget Self Storage, Inc. | | |

**MOTION:**  [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: The motion to dismiss for lack of subject matter jurisdiction and for lack of personal jurisdiction brought by Budget Self Storage is granted [4-2,3]. This case is terminated. All other pending motions are denied [4-1] as moot.**

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

number of notices

NOV 15 2000
date docketed

docketing deputy initials

date mailed notice

Document Number

TSA

courtroom deputy's initials

ED-7
FILED FOR DOCKETING

00 NOV 15 PM 3: 49

Date/time received in central Clerk's Office

mailing deputy initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BUDGET RENT A CAR CORPORATION, )
)
Plaintiff, )
)
v. )  Case No. 00 C 526
)
BUDGET SELF STORAGE, INC., )  Judge Wayne R. Andersen
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Before the court is Budget Self Storage's motion to dismiss plaintiff's breach of contract Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), or in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a). For the reasons explained below, the court grants defendant's motion to dismiss.

## BACKGROUND

Plaintiff Budget Rent-A-Car Corporation ("BRAC") is a Delaware corporation with its principal place of business in Lisle, Illinois. Defendant Budget Self Storage ("BSS") is a New Jersey corporation with its principal place of business in Newark, New Jersey. On October 27, 1997, BSS filed an application to register the mark "Budget Self Storage" for warehouse storage with the United States Patent and Trademark Office. BRAC opposed the registration by filing a Notice of Opposition on September 3, 1998. The parties sought to settle. They negotiated through a series of telephone conversations throughout the spring of 1999.

On June 24, 1999, counsel for BRAC sent BSS a letter via facsimile which stated that BRAC was willing to settle. The letter offered a list of proposed terms for the settlement agreement. The introductory paragraph read, "While the exact terms will need to be memorialized in more complete agreement, the following sets forth the basic terms of the agreement." The terms of the proposed settlement agreement stipulated that:

> (1) BSS will assign BRAC all its right, title, and interest in any mark consisting in whole or in part of BUDGET, including BUDGET SELF STORAGE and Application Serial No. 75/379,946; (2) BRAC will grant BSS a non-exclusive, non-transferable, 15 year license to use BUDGET in connection with its present warehousing services; (3) BRAC or a related entity may offer self storage franchises under the BUDGET mark in the future. To the extent consistent with its then current contractual obligations, BRAC or the related entity will offer BSS an opportunity to enter into a franchise agreement with BRAC or the related entity in accordance with the then current standard franchise agreement if and when such opportunities are made available in New Jersey; (4) As part of the consideration for the license, BSS will pay a royalty fee to BRAC of $250 per year; (5) As part of the license agreement, BSS will agree to maintain the quality of its warehousing services in the future at the same or higher level as is done presently; (6) BSS will maintain the terms of the agreement confidential [sic].

Counsel for BSS returned a signed copy of the agreement proposal. Attached to the signed copy was a cover letter that stated that the basic terms of the agreement proposal were acceptable to BSS. The letter then quoted the introductory paragraph of the proposal stating that the exact terms will need to be memorialized in more complete agreement, and went on to state that BSS' acceptance of the agreement was subject to review and approval of a "final draft agreement."

Since the June 24, 1999 proposed agreement, the parties have been unable to reach a final settlement agreement. BRAC's opposition to BSS' registration application has been suspended pending effectuation of a settlement between the parties. BRAC claims that the June 24, 1999, proposal was a contract and that BSS is in breach of the contract. Further,

BRAC argues that, since BSS has failed to assign its rights in the Budget Self Storage mark, it has no adequate remedy available at law.

BRAC filed its breach of contract complaint in federal court attempting to invoke the court's diversity jurisdiction over the matter. In response to the complaint, BSS moved to dismiss the claim for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue.

## DISCUSSION

I. Subject Matter Jurisdiction

BSS argues that the complaint lacks subject matter jurisdiction because the sum of the payments stipulated by the settlement proposal, $3,750, falls well short of the $75,000 minimum required to establish diversity jurisdiction. BRAC argues that, when determining if diversity jurisdiction applies, the court should look to the value of the object of the litigation. BRAC contends that its rights and interests in the BUDGET mark over a fifteen-year period are worth far more than the $75,000 jurisdictional limit.

It is well established that the amount in controversy is measured by the value of the object of the litigation. Hunt v. Washington State Apple Advertising Com'n., 432 U.S. 333, 347 (1977). In the context of contract disputes, the "object of the litigation" has been interpreted to mean the liability that will follow if the contract is found to be valid and enforceable. International Gateway Communications, Inc. v. Communications Telesystems International, Inc., 922 F.Supp 122, 125 (N.D. Ill. 1996).

The amount in controversy claimed by plaintiff in good faith will be determinative on the issue of jurisdictional amount unless it appears "to a legal certainty" that the claim is for less then that required by the rule for diversity jurisdiction. St. Paul Mercury Indem.

3

Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). A specifically stated allegation that the jurisdictional amount exists is sufficient unless the opposing party, or the court, contests that fact. Id. If jurisdiction is challenged as a factual matter, the party invoking federal jurisdiction bears the burden of supporting its jurisdictional allegations by "competent proof." NLFC v. Devcom, 45 F.3d 231 (7th Cir. 1995) (citing McNutt v. General Motors Acceptance Corp. of Iniana, 298 U.S. 178, 189 (1936)). "Competent proof" has been interpreted to mean a preponderance of the evidence or "proof to a reasonable probability that jurisdiction exists." Gould v. Artisoft, Inc., 1 F.3d 544, 547 (7th Cir. 1993); Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 n. 2 (7th Cir. 1993).

In NLFC v. Devcom, NLFC's complaint alleged that it suffered damages "in excess of the minimum jurisdictional limits of [the] court." NLFC, 45 F.3d at 237. Defendant challenged the allegation and NLFC was required to make a showing that damages exceeded the minimum amount required. NLFC did not do so. Instead it defended its original allegation as being sufficient. The Seventh Circuit held that the district court was proper in dismissing NLFC's claim because NLFC failed to add any information on the amount of damages that may have been sustained in its claims.

The case before the court is very similar. In its initial complaint, BRAC contends that the court has subject matter jurisdiction over its claim because it is "an action between citizens of different states in which the value of the controversy exceeds $75,000...." However, when BSS argued that the amount in controversy was, in fact, less than $75,000, BRAC did not provide this court with competent proof that the jurisdictional limit has been met. In its response to defendant's motion to dismiss, BRAC argues that the amount in controversy exceeds $75,000 because the terms of the agreement will enable them to acquire

4

BSS' "right, title and interest in any BUDGET mark." BRAC further explains how it will enjoy the benefit of defendant's "use and goodwill" for fifteen years. BRAC contends that, if one were to assign an annual value of $4,000 on these rights alone, the amount in controversy would be met. BRAC then lists its right to create franchises under BUDGET SELF STORAGE and the "immeasurable value" of the acquisition of a federal trademark registration as additional reasons why the court should find that the amount in controversy has been satisfied. Finally, in a footnote, BRAC requests that, although it believes that the amount in controversy has been met, the court permit discovery in order that it might ascertain the value of the rights it is acquiring.

Like the plaintiff in NLFC, BRAC has failed to add any information on the amount of damages that may have been sustained in its state claims. While it does seem that the various rights and interests that plaintiffs list very well might exceed the minimum $75,000 in value, BRAC offers no "competent proof" that the limit is met. Indeed, when it asks the court to permit discovery, BRAC all but concedes that it does not definitively know the value of the trademark it seeks to acquire. Listing the various reasons why the trademark is valuable without offering any evidence as to its actual value is no more specific an allegation than the original complaint's contention that "the amount in controversy exceeds $75,000." BRAC suggests that, if the court were to assign an annual value of $4,000 to the goodwill of BSS alone, the amount in controversy would be satisfied. While that is true mathematically, BRAC offers no evidence to suggest that the proposed $4,000 is anything more than an arbitrary figure. Furthermore, permitting discovery would only give BRAC another chance to do the research that it should have done when it filed its initial complaint

5

and its response to defendant's motion to dismiss. Therefore, we grant defendant's motion to dismiss.

II. <u>Personal Jurisdiction</u>

BSS argues that this court lacks personal jurisdiction. BSS claims that it has never had any contact with the State of Illinois, other than a few phone calls and mailed letters. It also claims that the proposal agreement which it signed on June 24, 1999, was merely an instrument of negotiation, not a binding contract. Consequently, it argues that it cannot be hailed into this court under either federal standards of due process or the Illinois long-arm statute. The personal jurisdiction analysis hinges on whether or not the agreement signed by the parties on June 24, 1999, is an enforceable contract. But when considering a motion to dismiss based on a lack of personal jurisdiction, all factual disputes must be resolved in the light most favorable to the plaintiff. <u>Saylor v. Dyniewski</u>, 836 F.2d 341, 342 (7th Cir.1988), <u>rev'd on other grounds</u>, <u>FMC Corp. v. Varonos</u>, 892 F.2d 1308, (7th Cir. 1990). Therefore, the court should assume, for purposes of this motion, that the agreement is binding upon the parties.

The State of Illinois authorizes personal jurisdiction to the limit allowed by the Due Process Clause of the United States Constitution. <u>RAR, Inc. v. Turner Diesel, Ltd.</u>, 107 F.3d 1272, 1276-77 (7th Cir.1997). The Due Process Clause of the Illinois Constitution holds that a non-resident may only be brought under the jurisdiction of the state when it is "fair, just and reasonable." The Illinois long-arm statute provides that a person will be under the jurisdiction of the State of Illinois if that person is engaged in, among other things, "[t]he making or performance of any contract or promise substantially connected with this state."

735 ILCS 5/2-209(a)(7). The Illinois courts have been split on the issue of whether or not simply entering into a contract is sufficient to bring a party within the reach of this provision.

In cases in which non-resident corporations entered into contracts with Illinois plaintiffs by making purchase orders with those plaintiffs' companies, Illinois courts have often found the Illinois long-arm statute to be satisfied. Ruprecht Co. v. Sysco Food Services of Seattle, Inc., 309 Ill.App.3d 113, 722 N.E.2d 694 (1999); Autotech Controls Corp. v. K.J. Elec. Corp., 256 Ill.App.3d 721, 628 N.E.2d 990 (1993). On the other hand, other Illinois courts have held that a non-resident defendant may not be brought under the jurisdiction of the state for simply entering into a contract with one of its citizens. See Mellon First United Leasing v. Hansen, 391 Ill.App.3d 1041, 705 N.E.2d 121, 127 (1998). This view has also been adopted by the United States Court of Appeals for the Seventh Circuit when interpreting the Illinois long-arm statute. See Small v. Sheba Investors, Inc., 811 F.2d 1163 (7th Cir. 1987).

In Ruprecht, in which the Illinois Appellate Court ruled that being a party to a contract did fall under the purview of the long-arm statute, the non-resident defendant was viewed by the court as an active participant in the contractual relationship. Ruprecht, 309 Ill.App.3d at 701, 722 N.E.2d 694. The defendant in Ruprecht contacted Ruprecht by telephone, prepared purchase orders and faxed them to Chicago, and required Ruprecht to complete a number of administrative documents prior to conducting business. Id. Unlike BSS, the non-resident defendant in Ruprecht initiated much of the transactional activity between the parties. BSS took no such action. BSS was contacted by BRAC, discussed some terms, and signed an agreement. Therefore, the mere act of entering into the contract was not enough to bring BSS within the reach of the Illinois long-arm statute.

7

BRAC argues that BSS is tied to Illinois by more than the mere contract itself because the terms of the agreement allow for a possible franchise agreement between the two parties. The fact that the agreement contemplated the potential for a future franchise agreement between plaintiff and defendant does not help to establish sufficient contacts. Such a relationship presently does not exist and any future arrangement would most likely require further negotiation. Thus, BRAC must wait until such circumstances arise before arguing that they give rise to diversity jurisdiction.

BRAC also argues that, because the subject of the litigation is Illinois intellectual property, Illinois law should govern the dispute. BRAC relies on <u>Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club Limited Partnership</u>, 34 F.3d 410 (7th Cir. 1994) when it argues that the agreement requires "transfer of intellectual property to an Illinois resident, creating property whose situs is Illinois." This is an overreaching interpretation of <u>Indianapolis Colts, Inc.</u> In that case, the Seventh Circuit found diversity jurisdiction to exist over a Baltimore defendant which cleverly attempted to name its Canadian Football League team "The Baltimore Colts" in violation of the trademark held by the Indianapolis Colts National Football League team. The court found that the Indianapolis Colts use their trademark mainly in Indiana, and it is in that state where the injury would have mainly been felt. <u>Indianapolis Colts, Inc.</u>, 34 F.3d at 411-412. The court also found that choosing the same name for a team in the same sport would be too confusingly similar to football fans and purchasers of "Colts" related merchandise. <u>Id.</u>

In the present case, the injury caused by a breach of the contract is not unique to Illinois. BRAC is a national company, recognizable almost anywhere in the United States. While citizens of Indiana made up the majority of the customers likely to be confused by the

trademark infringement in <u>Indianapolis Cots Inc.</u>, Illinois citizens are no more likely to be confused by BSS' use of the term BUDGET than citizens from any other state. Any injury arising from these circumstances would not be unique to Illinois. It is therefore not critical that any litigation regarding these issues be conducted in Illinois.

III. <u>Improper Venue</u>

BSS argues that, if the court determines that jurisdiction is properly found in this court, then the claim should be dismissed on the grounds of improper venue. As a small New Jersey company, BSS claims that it would be severely disadvantaged if made to defend this matter in Illinois. It further contends that the majority of the witnesses reside in New Jersey and that the appropriate law to be applied is New Jersey law.

In order for the court to transfer this action to the District Court of New Jersey, venue must be proper in this court. <u>Jamik, Inc. v. Days Inn of Mount Laurel</u>, 74 F.Supp.2d 818 (N.D. Illinois 1999). Because the court does not have personal jurisdiction over the defendant, venue is not proper in this court. 28 U.S.C. § 1391(a)(3). Consequently, the court cannot transfer this case. 28 U.S.C. § 1404(a).

## CONCLUSION

The motion to dismiss for lack of subject matter jurisdiction and for lack of personal jurisdiction brought by Budget Self Storage is granted. This case is terminated. All other pending motions are denied as moot.

Wayne R. Andersen
United States District Judge

Dated: _November 13, 2000_

9